**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SHAWN A. CLINE | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:15-CV-2714-M-BH |
| | ) | |
| ATTORNEY GENERAL OFFICES, | ) | |
| | ) | |
| Defendant. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *pro se in forma pauperis* case has been automatically referred for pretrial management. Before the Court is the plaintiff's *Application to Proceed In District Court Without Prepaying Fees or Costs*, filed August 19, 2015 (doc. 4). Based on the relevant filings and applicable law, the application should be **DENIED**, and the case should be dismissed for failure to prosecute or follow court orders.

**I. BACKGROUND**

On August 19, 2015, the plaintiff filed this *pro se* civil rights complaint against the office of the Attorney General of the State of Texas and an incomplete motion to proceed *in forma pauperis*. (docs. 3,4.) By *Notice of Deficiency and Order* dated August 21, 2015, he was notified that his application did not provide enough information for a determination of whether *in forma pauperis* status was appropriate because it was not complete. (*See* doc. 6.) Attached to the order was a copy of his incomplete application as well as a blank form. (*See id.*) The order specifically advised the plaintiff that he must complete the enclosed application and return it within fourteen (14) days, and it specifically warned that failure to timely return the completed application could result in a recommendation that the case be dismissed. (*Id.*) More than fourteen days have passed, but the plaintiff has not filed a completed application or anything else in this case.

## II. IN FORMA PAUPERIS

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, the plaintiff's application is incomplete because he did not answer the questions on the last two pages of the application. It does not reflect any monthly liabilities or expenses. It also claims that he is owed $9,000,000.00 in child support. The plaintiff has not shown that he does not have sufficient resources available to pay the filing and administrative fees, and his application to proceed *in forma pauperis* should therefore be denied.

## III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). By order dated August 21, 2015, the plaintiff was given fourteen days to file a completed application. (doc. 6.) He was specifically warned that failure to do so would result in a recommendation that the case be dismissed. Because he failed to comply with an order that he file a completed application and has not filed anything else, this case should be dismissed for failure to prosecute or follow an order of the court.

## IV. RECOMMENDATION

The plaintiff's application to proceed *in forma pauperis* should be denied, and this case

should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders, unless he files a completed application within the time for objecting to this recommendation or by some other deadline set by the Court.

**SIGNED this 30th day of November, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE